1  Stephen D. Finestone (125675)
   Ryan A. Witthans (301432)
2  FINESTONE HAYES LLP
   456 Montgomery Street, Floor 20
3  San Francisco, CA 94104
   Tel. (415) 421-2624
4  Fax (415) 398-2820
   Email: sfinestone@fhlawllp.com
5  Email: rwitthans@fhlawllp.com

6  Attorneys for debtor
   Bernadette Francine Cattaneo

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>Bernadette Francine Cattaneo,<br><br>Debtor. | Case No. 16-52233<br><br>Chapter 7<br><br>**MOTION TO AVOID JUDICIAL LIENS OF HELEN MCABEE AND INVESTMENT RETRIEVERS ON 2720 ARLINGTON ROAD, HOLLISTER, CA[1]**<br><br><u>Hearing</u><br>Date:  April 18, 2019<br>Time:  10:30 a.m.<br>Place: 280 South First Street<br>          Courtroom 3020<br>          San Jose, CA 95113 |

Bernadette Francine Cattaneo (the "Debtor") submits this motion (the "Motion") to avoid the judicial liens of Helen McAbee ("McAbee") and Investment Retrievers ("IR") on property commonly known as 2720 Arlington Road, Hollister, CA (the "Arlington Property"). The Debtor

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding

MOTION TO AVOID JUDICIAL LIENS ON 2720 ARLINGTON ROAD                                                1

requests that the Court enter an order pursuant to § 522(f) to avoid the judicial liens of McAbee and IR against the Arlington Property.

This Motion is supported by the concurrently filed Declaration of Bernadette Francine Cattaneo in Support of Motion to Avoid Judicial Liens of Helen McAbee and Investment Retrievers on 2720 Arlington Road, Hollister, CA (the "Cattaneo Decl."), the documents on file in the above-captioned bankruptcy case, and any evidence and arguments that may be presented at hearing.

I.     FACTUAL BACKGROUNDS

The Debtor commenced this by filing a voluntary Chapter 7 petition on August 3, 2016 (the "Petition Date"). ECF 1. She received a discharge on January 13, 2017. ECF 18. This case was closed on January 17, 2017, and was reopened on December 26, 2018.[2]

The Debtor co-owns the Arlington Property, which is a single-family home, with her ex-husband Andreas Abramson. Cattaneo Decl. ¶ 2. They each hold a one-half interest in the Arlington Property. *Id.* The Debtor claims a $10,000 exemption in the Arlington Property. *Id.* at ¶ 3; ECF 27. No objection to the Debtor's claim of exemption has been filed and the time for such objection has passed. Cattaneo Decl. at ¶ 3; *see* Bankruptcy Rule 4003(b)(1).

The Arlington Property secures a claim held by Chase Home Bank in the amount of $525,398 that was incurred in or about January 2005 and a claim by Wells Fargo Home Mortgage in the amount of $259,180 that was incurred in or about March 2011. *Id.* at ¶ 4. Together, these secured claims total $784,578. *Id.*

Helen McAbee ("McAbee") holds a judicial lien secured by the Arlington Property in the amount of $626,557. *Id.* at ¶ 5. The debt was incurred in or about May 2011 and an abstract of judgment against the Debtor and her ex-husband Andreas Abramson was recorded in San Benito

---

[2] At the time she filed her bankruptcy case, the Debtor held no interest in real property commonly known as 83 Sanguinetti Court, Copperopolis, CA, 95228 (the "Sanguinetti Property"), pursuant to a decision by a family law court that awarded the entire Sanguinetti Property to her ex-husband, Andreas Abramson. The Debtor now asserts to the family law court that she should be awarded an interest in the Sanguinetti Property. Based on that assertion, the Debtor moved to reopen this bankruptcy case, ECF 20, which the Court granted, ECF 21. The Debtor then filed Amended Schedules A/B, C, and D that reflect her asserted ownership interest in the Sanguinetti Property. ECF 27.

MOTION TO AVOID JUDICIAL LIENS ON 2720 ARLINGTON ROAD      2

County on May 27, 2011, as instrument number 2011-0004885. *Id.* An amended abstract of judgment in the same amount was recorded in San Benito County on June 27, 2013, as instrument number 2013-0006643. *Id.*

Investment Retrievers holds a judicial lien secured by the Arlington Property in the amount of $123,190.21. *Id.* at ¶ 6. The debt was incurred in or about May 2013 and an abstract of judgment against the Debtor was recorded in San Benito County on July 29, 2016, as instrument number 2016-0007941. *Id.*

In the Debtor's opinion, the Arlington Property's value as of the Petition Date was $700,000. Cattaneo Decl. ¶ 7; *see also* ECF 1, 27.

## II. LEGAL ARGUMENT

Section 522(f)(1)(A) provides that a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption of the debtor. Pursuant to § 522(f)(2)(A), a lien impairs an exemption to the extent that the sum of the subject lien, all other liens on the property, and the amount the debtor could claim as an exemption if there were no liens against the property, together exceed the value of the debtor's interest in the property absent any liens. In the case of a property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation pursuant to § 522(f)(2)(A) with respect to the other liens. § 522(f)(2)(B).

The order of lien avoidance matters—"judicial liens are avoided in reverse order until the marginal lien, i.e. the junior lien supported in part by equity, is reached." *In re Meyer*, 373 B.R. 84, 88 (B.A.P. 9th Cir. 2007). As such, the impairment and avoidance calculations are applied to the later-recorded and lower-priority IR judgment lien first, and then the earlier-recorded and higher-priority McAbee judgment lien. In the case of a co-owned property, "consensual liens against the entire fee must be netted out before computing the value of a debtor's fractional interest for purposes of avoiding judgment liens on which the co-owner is not liable." *Id.* at 85.

As described below, the consensual liens against the Arlington Property exceed the value of the Arlington Property, placing both the IR and McAbee judgment liens underwater. Because

MOTION TO AVOID JUDICIAL LIENS ON 2720 ARLINGTON ROAD 3

there is no non-exempt equity to support these judgment liens, the calculations are greatly simplified.

### A. Complete avoidance of IR and McAbee judgment liens

Following the formula prescribed by § 522(f), the Debtor asserts that the consensual liens against the Arlington Property exceed the value of the Arlington Property, leaving no non-exempt equity to which either the IR or McAbee judgment lien may attach.

| | |
|---|---|
| Sum of consensual liens | $784,578 |
| *Less*, the value of the property | -$700,000 |
| Total | **-$84,578** |

Because there is *negative* $84,578 in equity in the Arlington Property based on the consensual liens (without even considering the Debtor's exemption), further calculations are not necessary. There is no equity to which either the IR or McAbee judgment liens may attach, and both judgment liens may be avoided in their entirety pursuant to § 522(f).

### III. CONCLUSION

For the reasons stated above, the Debtor respectfully requests that the Court enter an order that:

1. Avoids the entirety of the judgment lien of Investment Retrievers that was recorded in San Benito County on July 29, 2016, as instrument number 2016-0007941.

2. Avoids the entirety of the judgment liens of Helen McAbee that were (1) recorded in San Benito County on June 27, 2013 as instrument number 2013-0006643; and (2) recorded in San Benito County on May 27, 2011, as instrument number 2011-0004885.

3. Grants such further relief that the Court deems proper in this case.

DATED: March 4, 2019         FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorney for debtor Bernadette Francine Cattaneo