Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel. (415) 421-2624
Fax (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for debtor
Bernadette Francine Cattaneo

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Bernadette Francine Cattaneo,<br><br>Debtor. | Case No. 16-52233<br><br>Chapter 7<br><br>**MOTION TO AVOID JUDICIAL LIENS OF HELEN MCABEE AND INVESTMENT RETRIEVERS ON 841 CALAIS CIRCLE, HOLLISTER, CA**[1]<br><br><u>Hearing</u><br>Date: April 18, 2019<br>Time: 10:30 a.m.<br>Place: 280 South First Street<br>        Courtroom 3020<br>        San Jose, CA 95113 |

      Bernadette Francine Cattaneo (the "Debtor") submits this motion (the "Motion") to avoid the judicial liens of Helen McAbee ("McAbee") and Investment Retrievers ("IR") on property commonly known as 841 Calais Circle, Hollister, CA (the "Calais Property"). The Debtor

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding

MOTION TO AVOID JUDICIAL LIENS ON 841 CALAIS CIRCLE                 1

requests that the Court enter an order pursuant to § 522(f) to avoid the judicial liens of McAbee and IR against the Calais Property.

This Motion is supported by the concurrently filed Declaration of Bernadette Francine Cattaneo in Support of Motion to Avoid Judicial Liens of Helen McAbee and Investment Retrievers on 841 Calais Circle, Hollister, CA (the "Cattaneo Decl."), the documents on file in the above-captioned bankruptcy case, and any evidence and arguments that may be presented at hearing.

## I. FACTUAL BACKGROUNDS

The Debtor commenced this by filing a voluntary Chapter 7 petition on August 3, 2016 (the "Petition Date"). ECF 1. She received a discharge on January 13, 2017. ECF 18. This case was closed on January 17, 2017, and was reopened on December 26, 2018.[2]

The Debtor owns the Calais Property, which is a single-family home. Cattaneo Decl. ¶ 2. The Debtor claims a $10,000 exemption in the Calais Property. *Id.* at ¶ 3; ECF 27. No objection to the Debtor's claim of exemption has been filed and the time for such objection has passed. Cattaneo Decl. at ¶ 3; *see* Bankruptcy Rule 4003(b)(1).

The Calais Property secures a claim held by Seterus in the amount of $54,900 that was incurred in May 1990 and a claim by Union Bank in the amount of $67,300 that was incurred in March 2003. Cattaneo Decl. at ¶ 4. Together, these secured claims total $122,200. *Id.*

Helen McAbee ("McAbee") holds a judicial lien secured by the Calais Property in the amount of $626,557. *Id.* at ¶ 5. The debt was incurred in or about May 2011 and an abstract of judgment against the Debtor and her ex-husband Andreas Abramson was recorded in San Benito County on May 27, 2011, as instrument number 2011-0004885. *Id.* An amended abstract of

---

[2] At the time she filed her bankruptcy case, the Debtor held no interest in real property commonly known as 83 Sanguinetti Court, Copperopolis, CA, 95228 (the "Sanguinetti Property"), pursuant to a decision by a family law court that awarded the entire Sanguinetti Property to her ex-husband, Andreas Abramson. The Debtor now asserts to the family law court that she should be awarded an interest in the Sanguinetti Property. Based on that assertion, the Debtor moved to reopen this bankruptcy case, ECF 20, which the Court granted, ECF 21. The Debtor then filed Amended Schedules A/B, C, and D that reflect her asserted ownership interest in the Sanguinetti Property. ECF 27.

MOTION TO AVOID JUDICIAL LIENS ON 841 CALAIS CIRCLE 2

judgment in the same amount was recorded in San Benito County on June 27, 2013, as instrument number 2013-0006643. *Id.*

Investment Retrievers holds a judicial lien secured by the Calais Property in the amount of $123,190.21. *Id.* at ¶ 6. The debt was incurred in or about May 2013 and an abstract of judgment against the Debtor was recorded in San Benito County on July 29, 2016, as instrument number 2016-0007941. *Id.*

In the Debtor's opinion, the Calais Property's value as of the Petition Date was $410,000. Cattaneo Decl. ¶ 7; *see also* ECF 1, 27.

## II. LEGAL ARGUMENT

Section 522(f)(1)(A) provides that a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption of the debtor. Pursuant to § 522(f)(2)(A), a lien impairs an exemption to the extent that the sum of the subject lien, all other liens on the property, and the amount the debtor could claim as an exemption if there were no liens against the property, together exceed the value of the debtor's interest in the property absent any liens. In the case of a property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation pursuant to § 522(f)(2)(A) with respect to the other liens. § 522(f)(2)(B).

The order of lien avoidance matters—"judicial liens are avoided in reverse order until the marginal lien, i.e. the junior lien supported in part by equity, is reached." *In re Meyer*, 373 B.R. 84, 88 (B.A.P. 9th Cir. 2007). As such, these calculations are applied to the later-recorded and lower-priority IR judgment lien first, and then the earlier-recorded and higher-priority McAbee judgment lien.

A. <u>Complete avoidance of IR judgment lien</u>

Following the formula prescribed by § 522(f), the Debtor asserts the resulting calculations describing the treatment of the IR judgment lien.

//

//

//

MOTION TO AVOID JUDICIAL LIENS ON 841 CALAIS CIRCLE                                 3

Case: 16-52233    Doc# 35    Filed: 03/04/19    Entered: 03/04/19 20:05:28    Page 3 of 5

```
IR judgment lien                        $123,190.21
Plus, the sum of all other liens        +$748,777
Plus, the exemption without liens        +$10,000
Subtotal                                $881,967.21

Less, the value of the property         -$410,000
Equals, the extent of impairment        $471,967.21
```

Based on these calculations, the IR judgment lien impairs the Debtor's exemption in the amount of $471,967.21. Because the extent of impairment exceeds the value of IR judgment lien, the entire IR lien may be avoided pursuant to § 522(f).

B. <u>Partial avoidance of McAbee judgment lien</u>

Following the formula prescribed by § 522(f), the Debtor asserts the resulting calculations describing the treatment of the McAbee judgment lien. Because the IR lien may be avoided as described above, it is not considered in the following calculations.

```
McAbee judgment lien                    $626,577
Plus, the sum of all other liens        +$122,200
Plus, the exemption without liens        +$10,000
Subtotal                                $758,777

Less, the value of the property         -$410,000
Equals, the extent of impairment        $348,777
```

Based on these calculations, the McAbee judgment lien impairs the Debtor's exemption in the amount of $348,777. The McAbee judgment lien may be avoided to the extent that it impairs the exemption. Subtracting the $348,777 impairment from the $626,577 McAbee lien leaves $277,800 remaining in the McAbee lien.

III. **CONCLUSION**

For the reasons stated above, the Debtor respectfully requests that the Court enter an order that:

1. Avoids the entire judgment lien of Investment Retrievers, which was recorded in San Benito County on July 29, 2016, as instrument number 2016-0007941,

2. Partially avoids the judgment liens of Helen McAbee that were (1) recorded in San Benito County on June 27, 2013 as instrument number 2013-0006643; and (2) recorded in San Benito County on May 27, 2011, as instrument number 2011-0004885; reducing them to the amount of $277,800.

3. Grants such further relief that the Court deems proper in this case.

DATED: March 4, 2019
FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorney for debtor Bernadette Francine Cattaneo