**RICHARD B. GULLEN (SBN 144513)**
**ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
Tel: (408) 261-4252
Fax: (408) 261-4292
rick@rhrc.net

Attorneys for Secured Creditor,
HELEN McABEE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>BERNADETTE CATTANEO,<br><br>Debtor. | Case No. 16-52233<br><br>**SECURED CREDITOR HELEN McABEE'S TRIAL BRIEF**<br><br>Chapter 7<br><br>Date: September 18, 2019<br>Time: 9:00 a.m.<br>Courtroom.: 3020<br>Judge: Hon. M. Elaine Hammond |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY............................................................................................. 1

    A. JANUARY 2017: DEBTOR FAILS TO FILE ANY MOTION TO AVOID THE McABEE LIENS PRIOR TO OBTAINING A DISCHARGE................................................................................................. 1

    B. DECEMBER 2018: DEBTOR OBTAINS PERMISSION TO REOPEN THE BANKRUPTCY TO ASSERT A CLAIM AGAINST A PROPERTY IN CALAVERAS COUNTY ............................................................... 1

III. CURRENT MOTIONS TO AVOID MCABEE LIENS .................................................. 1

    A. NO SUPPORTING EVIDENCE OF VALUES ATTACHED TO THE MOTIONS ............................................................................................... 2

    B. APPRAISALS SHOW THE CALAIS PROPERTY WORTH $520,000 AND ARLINGTON WORTH $875,000 .............................................. 2

    C. MAY 2019: SUBSEQUENT APPRAISALS FROM THE DEBTOR ................. 2

    D. JULY 2019: DEPOSITIONS OF THE APPRAISERS ........................................ 3

    E. AUGUST 2019: DEPOSITION OF DEBTOR SUBJECT TO OBJECTIONS................................................................................................... 3

IV. CONCLUSION................................................................................................................. 3

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

# I. INTRODUCTION

Debtor Berdnatte Francine Cattaneo ("Debtor") has filed two (2) motions to avoid the judgment liens of Secured Creditor Helen McAbee ("McAbee") on two (2) properties in Hollister, California ("Hollister Properties"): 841 Calais Drive, Hollister, CA 95023 ("Calais Property"), and 2720 Arlington Road, Hollister, CA 95023 ("Arlington Property").

The Court set an evidentiary hearing for September 18, 2019 to determine the value of the Calais Property and the Arlington Property as of the filing of the petition on August 3, 2016.

# II. PROCEDURAL HISTORY

### A. JANUARY 2017: DEBTOR FAILS TO FILE ANY MOTION TO AVOID THE McABEE LIENS PRIOR TO OBTAINING A DISCHARGE

On August 3, 2016 Debtor filed Chapter 7. The discharge was entered on January 13, 2017. At no time during the pendency of Debtor's bankruptcy did Debtor seek to avoid McAbee's liens on the Hollister properties. McAbee's liens were created by the recording of abstracts of judgment in San Benito County on May 27, 2011, and June 24, 2013.

### B. DECEMBER 2018: DEBTOR OBTAINS PERMISSION TO REOPEN THE BANKRUPTCY TO ASSERT A CLAIM AGAINST A PROPERTY IN CALAVERAS COUNTY

In December 2018, Debtor moved to reopen her bankruptcy in order to assert an ownership interest in property owned by her ex-husband in the City of Copperopolis, Calaveras County. The motion to reopen was granted for this purpose.

Thus, Debtor's current motions to avoid the McAbee Liens on the Hollister Properties exceed the scope of the request to reopen the bankruptcy.

# III. CURRENT MOTIONS TO AVOID MCABEE LIENS

On March 4, 2019, the Debtor filed motions arguing that based upon the Debtor's personal opinions of the values, there is insufficient equity in the Hollister Properties to secure all of the balance of McAbee's judgment lien ("McAbee Lien"), and therefore a portion of the McAbee Liens must be avoided. However, the Debtor submitted no evidence to support the Debtor's personal opinions of value, or the balances owed on the senior liens.

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1    As shown by the evidence submitted by McAbee in opposition to the motions, including
2    appraisals of the Hollister Properties, the Debtor substantially understated the values, and
3    overstated the lien balances. As a result, the actual equity which secures the McAbee Lien is
4    substantially greater than the Debtor contends.

### A. NO SUPPORTING EVIDENCE OF VALUES ATTACHED TO THE MOTIONS

In her motions, Debtor opined that the values of the properties as of the date when the petition was filed on August 3, 2016 were only as follows: Calais: $410,000.00; and Arlington: $700,000. Debtor did not submit any appraisals, any broker opinions of value, or any other evidence of value other than the Debtor's unsupported opinion. (See Docket Number 32, 33, 35 and 36.) Debtor was a real estate salesperson licensed by the Department of Real Estate for 30 years, yet did not bother to attach copies of any comparable sales data to her motions.

### B. APPRAISALS SHOW THE CALAIS PROPERTY WORTH $520,000 AND ARLINGTON WORTH $875,000

In contrast, McAbee obtained and filed with the Court on April 4, 2019 as part of McAbee's oppositions retrospective appraisals by licensed appraiser Jerry Cosio based on site inspections he performed on March 28, 2019 which determined that the values as of the petition filing date were $520,000.00 for Calais and $875,000 for Arlington. (See Docket Number 47, and 54, and McAbee Trial Exh. A and B.) Mr. Cosio grew up in Hollister, has been an appraiser for 31 years, and has appraised hundreds of homes in Hollister.

On April 9, 2019, Debtor filed a reply, but once again failed to submit any evidence to support her opinions of value.

At the hearing on April 18, 2019, the Court continued this matter to June 13, 2019 for a trial setting conference.

### C. MAY 2019: SUBSEQUENT APPRAISALS FROM THE DEBTOR

In response to the appraisals filed by McAbee, on May 20, 2019 Debtor forwarded two appraisals for the Hollister properties signed by Kristin Jacobson on May 20, 2019 based on site inspections performed on April 29, 2019, determining the value of the Calais Property to be $448,000.00 and the Arlington Property to be $757,000.00.

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Although Ms. Jacobsen's values are higher than the values opined by Debtor, McAbee contends that Ms. Jacobsen's values are still understated because her comparable sales and methodology were inferior and flawed when compared to Mr. Cosio's appraisals.

### D. JULY 2019: DEPOSITIONS OF THE APPRAISERS

On July 1, 2019, the depositions of the appraisers Jerry Cosio and Kristin Jacobson were taken by counsel for the opposing parties respectively.

### E. AUGUST 2019: DEPOSITION OF DEBTOR SUBJECT TO OBJECTIONS

After the appraisers' depositions, on July 15, 2019, Debtor's counsel gave notice that Debtor intended to testify at the trial on September 18, 2019 regarding repairs done between the effective valuation date of August 3, 2016 and the date of inspections by the appraisers and offered Debtor for deposition.

On July 25, 2019, McAbee's counsel disagreed that such testimony would be admissible, and reserved all objections to such testimony at trial, and that any deposition would be without waiving any objections. Subsequently, and subject to all objections, the deposition of Debtor went forward on August 7, 2019. The Debtor testified on topics which are not relevant or admissible at trial. McAbee continues to reserve the right to object to any such testimony at trial.

## IV. CONCLUSION

The evidence will show that the appraisals obtained by the Debtor failed to correctly describe the subject properties, used inferior comparable sales, and made improper adjustments, as compared to the appraisals by Mr. Cosio. Therefore, the Debtor's appraisals are not credible, and should not be relied upon by the Court. Accordingly, the Court should adopt the values determined in Mr. Cosio's appraisals.

Dated: September 11, 2019    ROSSI, HAMERSLOUGH, REISCHL & CHUCK

BY:   /s/ Richard B. Gullen
      RICHARD B. GULLEN, ESQ.
      Attorneys for Secured Creditor
      HELEN McABEE

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

SECURED CREDITOR HELEN McABEE'S TRIAL BRIEF    3

Case: 16-52233    Doc# 68    Filed: 09/11/19    Entered: 09/11/19 15:40:00    Page 5 of 5