| | |
|---|---|
| Stephen D. Finestone (125675)<br>Ryan A. Witthans (301432)<br>FINESTONE HAYES LLP<br>456 Montgomery Street, Floor 20<br>San Francisco, CA 94104<br>Tel. (415) 421-2624<br>Fax (415) 398-2820<br>Email: sfinestone@fhlawllp.com<br>Email: rwitthans@fhlawllp.com<br><br>Attorneys for Debtor<br>Bernadette Francine Cattaneo | |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Bernadette Francine Cattaneo,<br><br>            Debtor. | Case No. 16-52233<br><br>Chapter 7<br><br>**BERNADETTE CATTANEO'S TRIAL BRIEF REGARDING MOTION TO AVOID JUDICIAL LIENS OF HELEN MCABEE ON 841 CALAIS CIRCLE, HOLLISTER, CA AND 2720 ARLINGTON DRIVE, HOLLISTER, CA**<br><br><u>Hearing</u><br>Date:  September 18, 2019<br>Time:  9:00 a.m.<br>Place:  280 South First Street<br>          Courtroom 11<br>          San Jose, CA 95113 |

     Debtor, Bernadette Cattaneo ("Cattaneo") submits the following trial brief in connection with the valuation trial for her pending motions to avoid the judgment liens of Helen McAbee ("McAbee") on Cattaneo's properties located at 841 Calais Circle, Hollister, CA (the "Calais Property") and 2720 Arlington Drive, Hollister, CA (the "Arlington Property").

///

///

CATTANEO TRIAL BRIEF                                                                           1

The Court must determine the value of the Calais Property and the Arlington Property as of August 3, 2016, the date Cattaneo filed her Chapter 7 bankruptcy (the "Petition Date"). Cattaneo does not believe there is a dispute as the secured debt that is senior to the McAbee judgment. As of the Petition Date, the McAbee judgment lien was approximately $626,000. Cattaneo is uncertain of its current balance as, among other things, she understands that McAbee recently received a payment on the judgment of $250,000 from her ex-husband.

As to the Calais Property, as of the Petition Date, the following secured debt was senior to the McAbee judgment:

| | |
|---|---|
| Seterus: | $51.803.04 |
| Union Bank: | $59,510.13 |
| CalHFA Mortgage: | $11,388.69 |
| **Total:** | **$122,701.86** |

As to the Arlington Property, as of the Petition Date, the following secured debt was senior to the McAbee judgment:

**Chase Bank:** $523,276.75[1]

Cattaneo has an allowed exemption of $10,000 in each property so there is no dispute as to McAbee's judgment lien impairing her exemption. The question is the amount of the impairment, which is a function of the value of each property.

The Court is faced with opinions of value that vary greatly. When Cattaneo filed the case, she valued the Calais Property at $410,000. She valued the Arlington Property at $700,000. Cattaneo filed her case in *pro per* and had no clue with respect to the potential impact of a valuation on McAbee's judgment lien. As the Court will hear, Cattaneo was very experienced in Hollister real estate values and set her values only after obtaining a current market analysis from a local realtor, which analysis included a number of comparable sales.

---

[1] Cattaneo's Schedules listed a secured debt to Wells Fargo on the Arlington Property of $259,180, but Cattaneo has since confirmed that the deed of trust was reconveyed prior to the Petition Date.

CATTANEO TRIAL BRIEF 2

Almost three years after the Petition Date, Cattaneo's appraiser, Kristin Jacobson, and McAbee's appraiser, Jerry Cosio appraised the two properties as of the Petition Date. As the Court will hear, Cattaneo made various improvements to the properties between the Petition Date and the subsequent appraisals. Ms. Jacobson appraised the Calais Property as of the Petition Date at $448,000. She appraised the Arlington Property as of the Petition Date at $757,000.

In contrast, Mr. Cosio appraised the Calais Property at $520,000 and the Arlington Property at $875,000. Both Mr. Cosio and Ms. Jacobsen have considerable experience in the Hollister area. From Cattaneo's perspective, she believes the differences are largely attributable to Mr. Cosio's selection of comparable sales, both in terms of the number of comps and the location of them. Moreover, Mr. Cosio did not take into account the work done between the Petition Date and his inspection of the Properties.

Cattaneo suggests that either the values listed on her Schedules or the values as appraised by Ms. Jacobson are the more accurate values. The outcome of each valuation on the avoidance of the McAbee lien is as follows:

| Calais Property | Cattaneo Value | | Jacobson Value | Cosio Value |
|---|---|---|---|---|
| | | $410,000 | $448,000 | $520,000 |
| | Less Liens | $122,701 | $122,701 | $122,701 |
| | Less Exempt. | $10,000 | $10,000 | $10,000 |
| | Balance: | $277,299 | $315,299 | $387,299 |

| Arlington Property | Cattaneo Value | | Jacobson Value | Cosio Value |
|---|---|---|---|---|
| | | $700,000 | $757,000 | $875,000 |
| | Less Lien | $523,276 | $523,276 | $523,276 |
| | Less Exempt. | $10,000 | $10,000 | $10,000 |
| | Balance: | $166,724 | $223,724 | $341,724 |

Wherefore, Bernadette Cattaneo requests that the Court grant her motions and avoid the McAbee judgment liens on the Calais Property and Arlington Property to the extent set forth above based on the Court's determination of value.

DATED: September 11, 2019

FINESTONE HAYES LLP

/s/ Stephen D. Finestone_____
Stephen D. Finestone
Attorney for Bernadette Cattaneo